**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-1314 & 22-3300
_____

YESSICA FERNANDA MOLINA-RAMIREZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of Orders from
the Board of Immigration Appeals
(Agency No. A206-627-295)
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 5, 2023
_____

Before: SHWARTZ, MATEY, and FISHER, <u>Circuit Judges</u>.

(Filed: October 6, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, <u>Circuit Judge</u>.

Petitioner Yessica Fernanda Molina-Ramirez seeks review of the orders of the Board of Immigration Appeals ("BIA") dismissing her: (1) appeal of the Immigration Judge's ("IJ") denial of her applications for asylum and withholding of removal and (2) motion to reopen based on ineffective assistance of counsel. For the following reasons, we will deny the petition.

I

Petitioner, a native and citizen of Honduras, entered the United States without authorization as an unaccompanied minor and the Department of Homeland Security commenced removal proceedings under 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A). Petitioner conceded her removability but, relevant here, requested asylum and withholding of removal.

At her merits hearing, Petitioner testified that she had a close relationship with her older cousin, Mainor Jose Ramirez,[1] who regularly brought her to and from school. In 2010, when Petitioner was ten years old, a car without license plates followed Mainor while he was driving Petitioner home from school. As Mainor dropped Petitioner off at her house, he warned her "to be careful" because they were being followed. AR 723-24. Later that day, unidentified members of a local gang killed Mainor and dumped his body in front of his house, located next door to Petitioner's house, and yelled that they "were

_____

[1] Parts of the record refer to Mainor as "Minor," <u>see, e.g.</u>, AR 642, and "Maynor," <u>see, e.g.</u>, AR 608.

2

going to continue on with the rest of the Ramirez family." AR 724. Petitioner subsequently gave a statement to the police.

In 2013, Petitioner noticed masked individuals following her while she was shopping. Fearing for her safety, Petitioner ran home and, after she entered her house, the pursuers fired three shots into the air and stated that "they were going to continue doing this to the Ramirez family." AR 738. Petitioner reported the incident to the police and fled Honduras eight months later. Petitioner also testified that she (1) experienced no other threats or attacks in Honduras, and (2) has more than thirty family members still living in the same area in Honduras, none of whom have been threatened or harmed since Mainor's murder, except for a cousin's husband, who was killed for unknown reasons.

The IJ found Petitioner credible but determined that she was not eligible for, among other things, asylum. The IJ observed that even though her proposed particular social groups ("PSGs"), namely, (1) the Ramirez family and (2) witnesses who report crime, were cognizable, she did not establish past persecution because she was never directly harmed. The IJ also found that she did not show a well-founded fear of future persecution on account of her membership in either of these groups because: (a) "many family members" continued to reside in the same area without incident, which belied Petitioner's objective fear of persecution based on her membership in the Ramirez family, AR 647, and (b) Petitioner was not harmed in the years after filing the first police report, or in the months after filing the second, which similarly undermined her objective

3

fear of persecution for being witness who reported a crime.[2] Accordingly, the IJ denied

Petitioner's requests for relief and ordered her removal.[3]

Petitioner appealed to the BIA, which dismissed the appeal, finding "no clear

error" with the IJ's determination that Petitioner lacks an objectively reasonable, well-

founded fear of persecution if removed to Honduras for substantially the same reasons set

forth by the IJ.[4] AR 4.

Petitioner thereafter obtained new counsel and filed a motion to reopen her

removal proceedings based on the ineffective assistance of her prior counsel, arguing that

(1) counsel was not competent because he did not assert that she had a well-founded fear

of persecution based upon the existence of a pattern or practice of persecution against

witnesses who report crime to the police in Honduras, and (2) she was prejudiced by her

---

[2] In reaching this determination, the IJ considered country conditions evidence, which discussed the difficulties experienced by witnesses who report crimes in Honduras.

[3] The IJ determined that because Petitioner did not establish a claim for asylum, she was also unable to establish a claim for withholding of removal.

[4] Petitioner contends that the BIA incorrectly reviewed the IJ's reasonable fear of persecution determination for clear error, rather than conducting a de novo review. Pet. Br. at 21-22. While de novo review of this legal question was warranted, see Huang v. Att'y Gen., 620 F.3d 372, 384-85 (3d Cir. 2010), the BIA's error is harmless and does not require remand because "it is highly probable that the error did not affect the outcome of the case," Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (holding that "harmless error analysis should apply in immigration cases"); NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (stating that remand to the agency is unnecessary where it "would be an idle and useless formality"). The BIA adopted the IJ's factual findings, and while it "discern[ed] no clear error" with the IJ's conclusion as to the reasonableness of Petitioner's fear of persecution, a de novo review shows that Petitioner lacks an objectively reasonable fear of persecution, and no other conclusion could be reached. AR 4. Thus, the BIA's incorrect expression of the standard of review was harmless.

prior counsel's failure to raise that claim.[5] The BIA assumed that Petitioner satisfied the procedural requirements for bringing an ineffective assistance of counsel claim and denied the motion because she failed to show that (1) prior counsel was incompetent for "making a reasonable tactical decision" in not seeking to meet "the stringent standard" for a pattern or practice claim, AR 4, and (2) there was a "significant likelihood" that the IJ would not have granted relief as the country conditions evidence did not demonstrate a pattern or practice of persecution against witnesses in Honduras, AR 4.

Petitioner petitions for review of both orders.

II

A[6]

We first review Petitioner's requests for asylum and withholding of removal. To be eligible for asylum, a petitioner must show that she is "unable or unwilling to return to, and is unable or unwilling to avail [herself] . . . of the protection of, [the country in which she last resided] because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group." 8 U.S.C. §§ 1101(a)(42)(A),

---

[5] Petitioner submitted country conditions evidence in support of her motion, , some of which is duplicative of the evidence that Petitioner's prior counsel had submitted before the IJ.

[6] The IJ had jurisdiction over Petitioner's immigration proceedings under 8 C.F.R. § 1208.2, and the BIA had jurisdiction over the appeal pursuant to 8 C.F.R. §§ 1003.1(b) and 1240.15. We have jurisdiction over final orders of removal under 8 U.S.C. § 1252.

When the BIA issues its own decision on the merits, we review that decision rather than that of the IJ. Mahn v. Att'y Gen., 767 F.3d 170, 173 (3d Cir. 2014). We review legal determinations de novo and "accept factual findings if supported by substantial evidence," meaning we must "uphold the agency's determination unless the evidence would compel any reasonable fact finder to reach a contrary result." Sesay v. Att'y Gen., 787 F.3d 215, 220 (3d Cir. 2015) (quotation marks omitted).

5

1158(b)(1)(B)(i); see also Garcia v. Att'y Gen., 665 F.3d 496, 503 (3d Cir. 2011).

Persecution encompasses "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993). Where a petitioner has not experienced past persecution,[7] she must establish a well-founded fear of future persecution by demonstrating both an objective and subjective fear of persecution. Huang v. Att'y Gen., 620 F.3d 372, 381 (3d Cir. 2010). The objective component requires that "a reasonable person in the [applicant's] circumstances would fear persecution if returned to the country in question." Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003), abrogated on other grounds by Auguste v. Ridge, 395 F.3d 123 (3d Cir. 2005).

Here, substantial evidence supports the BIA's conclusion that Petitioner lacks an objectively reasonable fear of future persecution based on her membership in either of her PSGs. With respect to Petitioner's fear of persecution on account of her family membership, she testified that gang members (1) murdered Mainor and threatened to "continue on with the rest of the Ramirez Family," AR 724, and (2) three years later chased Petitioner into her home, fired shots into the air, and again threatened to "continue doing this to" her family, AR 738. These undoubtedly distressing incidents do not

---

[7] Petitioner contends that the IJ incorrectly required her to demonstrate physical harm to demonstrate past persecution, but she did not raise that claim before the BIA and thus we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) ("[A noncitizen] is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim."). She presented no other arguments challenging the BIA's past persecution ruling.

6

compel the conclusion that Petitioner has an objectively reasonable fear of persecution based on her family membership because more than thirty of her family members continued to live in the area surrounding her home in Honduras and none, other than her cousin's husband, were harmed or threatened after Mainor's murder.[8] See Hernandez Garmendia v. Att'y Gen., 28 F.4th 476, 480, 483 (3d Cir. 2022) (noting that a family-based asylum claim would be weakened by the fact that petitioner's family had not been threatened despite living in same home); cf. Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 347 (3d Cir. 2008) (deeming threats and attacks on a noncitizen's family members to be corroborating the reasonableness of her fear of persecution). Similarly, Petitioner's fear of persecution on account of reporting a crime is not objectively reasonable because she lived without incident in Honduras for approximately three years after making her first statement to the police, and another eight months after making her second report. Therefore, the BIA's conclusion that Petitioner lacks a reasonable fear of persecution is supported by substantial evidence and, accordingly, she is not entitled to asylum.

Because Petitioner has not met the standard for asylum, she does not meet the more demanding standard for withholding of removal, Thayalan v. Att'y Gen., 997 F.3d 132, 138 (3d Cir. 2021) (holding that the standard for withholding of removal is more demanding than the asylum standard).

---

[8] Petitioner's assertion that the BIA "cherry-picked" evidence in affirming the IJ's factual findings by, for example, not referencing the death of her cousin's husband, is unavailing. Pet. Br. 24-25. While the BIA must consider all the evidence presented, as it did here, it "need not discuss every piece of evidence mentioned by an asylum applicant." Quinteros v. Att'y Gen., 945 F.3d 772, 786 (3d Cir. 2019) (quotation marks omitted).

B[9]

We next consider whether the BIA abused its discretion in denying Petitioner's motion to reopen based on her claim that her prior counsel was ineffective because he failed to raise a "pattern or practice" of persecution claim. We conclude that it did not.

A petitioner seeking to reopen her removal proceedings based on ineffective assistance of counsel must demonstrate that (1) "competent counsel would have acted otherwise," and (2) there is a "reasonable likelihood" that, but for counsel's errors, the result of the proceedings would have been different.[10] Fadiga, 488 F.3d at 157-59 (quotation marks omitted). Even if the BIA abused its discretion in concluding that counsel provided competent representation, we cannot say that its conclusion as to prejudice was "arbitrary, irrational, or contrary to law." Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (quotation marks omitted).

To prove a pattern or practice claim, a petitioner must show "systematic, pervasive, or organized" persecution of similarly situated individuals. Ghebrehiwot v. Att'y Gen., 467 F.3d 344, 351 (3d Cir. 2006) (quotation marks omitted). The country

---

[9] The BIA had jurisdiction to review Petitioner's motion to reopen under 8 C.F.R. § 1003.2(a). We have jurisdiction under 8 U.S.C. § 1252(a).

We review the denial of a motion to reopen for abuse of discretion, "regardless of the underlying basis of the [noncitizen's] request for relief." Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We review the facts underlying the BIA's discretionary denial of a motion to reopen for substantial evidence. Korytnyuk v. Ashcroft, 396 F.3d 272, 284-85 (3d Cir. 2005). We review ineffective assistance of counsel claims de novo. Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). "[Q]uestions of law, such as whether the BIA applied the correct legal standard in considering the motion to reopen[,] . . . are also reviewed de novo." Id. at 153-54.

[10] Petitioner must also satisfy certain procedural requirements, see Fadiga, 488 F.3d at 155-56, but the BIA assumed that they were satisfied, and we will do the same.

8

conditions evidence Petitioner presented shows sporadic "incidents of violence" against witnesses in Honduras, AR 4, but does not show pervasive or organized persecution of those reporting crimes and thus is insufficient to establish a reasonable likelihood of a pattern or practice of persecution, see Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (holding that there was no pattern or practice of persecution despite "widespread attacks," including "riots, vandalism, and robbery"). Therefore, Petitioner was not prejudiced by her prior counsel's failure to pursue this claim, and as a result, the BIA did not abuse its discretion in denying Petitioner's motion to reopen based upon alleged ineffective assistance of counsel.[11]

## III

For the foregoing reasons, we will deny the petition for review.

---

[11] Petitioner asserts that the BIA improperly required Petitioner to show an actual pattern or practice of persecution, rather than merely establishing a prima facie case. The BIA, however, used the correct legal standard to analyze the prejudice prong. AR 4 (assessing whether "she has []shown 'a significant likelihood that the [IJ] would not have entered an order of removal absent [former] counsel's [alleged] errors." (citing Fadiga, 488 F.3d at 159)).